■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER TURNER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated August 19, 1963, which denied after a hearing his application to vacate a judgment of the former County Court, Kings County, rendered December 16, 1960 after a jury trial, convicting him of burglary in the third degree, assault in the second degree and petit larceny, and imposing sentence. Order affirmed (*People* v. *Kling,* 19 A D 2d 750, affd. 14 N Y 2d 571). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN COLWELL, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. — In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, dated May 2, 1963, which dismissed the writ after a hearing and remanded him to the custody of respondent. Order affirmed, without costs (*People ex rel. Sullivan* v. *Fay,* 16 A D 2d 823; *People* v. *Muller,* 11 N Y 2d 154). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIMEON SIMPKINS, Appellant, v. DIRECTOR OF PILGRIM STATE HOSPITAL, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Suffolk County, dated January 10, 1964, which dismissed the writ after a hearing and remanded him to the custody of respondent. Order affirmed, without costs. There is no constitutional right to representation by counsel in habeas corpus proceedings (*Dillon* v. *United States,* 307 F. 2d 445, 446; *United States ex rel. Wissenfeld* v. *Wilkins,* 281 F. 2d 707, 715). (For prior appeals by this relator, see 13 A D 2d 991; 16 A D 2d 982.) Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.

■ ANN RYAN, Respondent, v. DIANTHA LAURENCE, Appellant, et al., Defendants.— In an action to recover damages for personal injury, sustained in a fall upon unlighted stairs used in common by tenants and business visitors in a multiple dwelling, of which Diantha Laurence, the only defendant served and appearing in this action, was co-owner, said defendant appeals from a judgment of the Supreme Court, Kings County, entered February 11, 1964 after trial, upon the jury's verdict in plaintiff's favor. The defendant's sole contention on this appeal is that the plaintiff was guilty of contributory negligence as a matter of law. Judgment affirmed, with costs. No opinion. Ughetta, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur; Hill, J., dissents and votes to reverse the judgment and to dismiss the complaint on the ground that, under the circumstances here, the plaintiff, in going down a darkened stairway without taking any precaution to assure her safety as she proceeded, was guilty of contributory negligence as matter of law.